**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Stanley Aaron HEADRICK, Defendant-Appellant.**

**No. 18521.**

United States Court of Appeals
Sixth Circuit.

Feb. 17, 1969.

Joseph R. Huddleston, Bowling Green, Ky., for appellant, Huddleston & Huddleston, Bowling Green, Ky., on the brief.

John L. Smith, Asst. U. S. Atty., Louisville, Ky., for appellee, Ernest W. Rivers, U. S. Atty., Louisville, Ky., on the brief.

Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

Stanley Aaron Headrick was convicted by a jury on both counts of a two count indictment for passing falsely made United States postal money orders in violation of 18 U.S.C. §§ 500 and 2. The sole question on appeal is whether the District Judge erred in not granting the defendant's motion for acquittal. We find no reversible error.

At 11:42 p. m. on March 14, 1967, the appellant and David Allen Smith[1] checked out of a motor hotel in Cleveland, Ohio, in possession of a box full of postal money orders which they knew to be stolen. They had registered under aliases at the hotel. According to the appellant, he and Smith then went to the home of a friend to whom he gave the box of money orders.

On March 15 at 10:30 or 11 o'clock in the morning one of the money orders was cashed in Cousin Jack's Discount Store in Bowling Green, Kentucky, about 500 miles from Cleveland. Two witnesses identified Smith as the man who cashed the money order. On the same day the other money order was cashed at the Shoe Center in Bowling Green. The person who cashed the latter money order could not be identified by the owner of the store, but a fingerprint of the appellant was on the money order.

[1]. Smith was indicted with the appellant and plead guilty on both counts. He appeared at the appellant's trial as a witness for the defense.

The appellant testified that they drove the entire distance from Cleveland, Ohio, to Clarksville, Tennessee, where he and Smith checked into a motel the afternoon of the fifteenth of March. Both the appellant and Smith testified that the appellant drove the automobile the entire distance, because Smith's eyes were inflamed to an extent which prevented his driving. The appellant testified that Smith went out without him, leaving the motel for a while, on the day after they arrived in Clarksville. Smith testified that he alone had cashed both of the money orders while the appellant was asleep on the day they arrived in Clarksville.

Viewing the evidence and the reasonable inferences to be drawn from it in the light most favorable to the Government, we hold that reasonable minds could find the defendant guilty beyond a reasonable doubt of aiding and abetting in the passing of the money orders. Compare Serio v. United States, 126 U.S.App.D.C. 297, 377 F.2d 936, 938–939, vacated by the Supreme Court on grounds not involved on this appeal, 392 U.S. 305. See also Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 93 L.Ed. 919.

Although appellant denied having been in Bowling Green, appellant testified affirmatively that he was with Smith at a time when other witnesses stated that Smith cashed one of the two money orders in Bowling Green. There are numerous conflicts as to details in the testimony of appellant and Smith and much evidence from which the jury could have made credibility determinations against the testimony of appellant. The distance by highway between Clarksville, Tennessee, to Bowling Green, Kentucky, is approximately 74 miles. Bowling Green is geographically located so as to be generally on the route which appellant and Smith logically could have taken in driving from Cleveland, Ohio, to Clarksville, Tennessee.

We find sufficient testimony in the record from which the jury could have concluded beyond a reasonable doubt that appellant drove Smith to Bowling Green and was with him at the time the money orders were passed.

Affirmed.